IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD MCCALLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-178-JPG-DGW |
| | ) | |
| MICHAEL J. MOLINE and NATIONAL FREIGHT, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Pursuant to two discovery dispute conferences held on November 17, 2015 (Doc. 34) and January 27, 2016 (Doc. 38), the following is hereby **ORDERED:**

1. Plaintiff served a notice of deposition for John Hoogstraten along with a list of documents to be produced at the deposition. This list includes "All documents, letters of retention, photos, videos, receipts, invoices, or any other documentation concerning you retention by Pitzer Snodgrass . . . to find, follow, or take surveillance of Richard McCallon." Defendants objects to the production request as overly broad and cites to *Geraty v. Northeast Illinois Regional Commuter Railroad*, 2008 WL 2130422 (N.D. Ill. 2008), in support. Plaintiff believes that the information is relevant and discoverable and cites to *Boyle v. CSX Transportation, Inc.*, 142 F.R.D. 435 (S.D.W.V. 1992), in support. After reviewing the cases cited and the discovery request, the Court finds that the request is overly broad. Plaintiff may request documents that are related to the particular surveillance video in question and ask questions related to the surveillance of Plaintiff. However, documents related to the witness' retention or employment or contract, etc. with Defendants or their attorneys are not relevant. Plaintiff shall re-serve the deposition notice

within 14 days of the date of this Order. The deposition shall be concluded within 30 days of the date of this Order.

2. The parties' second dispute concerns discovery requests related to Plaintiff's past employment. Defendants seek waivers in order to acquire "any and all" of Plaintiff's "employment records" to which Plaintiff objects to as overly broad. The request is found to be overly broad. Defendants shall limit the request to qualifications and evaluation files in addition to the other category of information stated at the conference (W-2, 1099, work related injuries/illnesses, etc.).

3. The parties further request extensions of the deadlines in this matter. The Motions are **GRANTED IN PART** (Docs 35 and 37). To that end:

    A.    Defendants deposition shall be taken by **February 16, 2016.**

    B.    Motions to amend the pleadings, including the commencement of a third party action, deadline has elapsed.

    C.    Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:
Plaintiff's expert(s): **February 23, 2016**
Defendant's expert(s): **March 20, 2016**
Third Party expert(s): none

    6.    Depositions of expert witnesses must be taken by:
Plaintiff's expert(s): **March 14, 2016**
Defendant's expert(s):**April 8, 2016**
Third Party expert(s): none

    7.    **Discovery** shall be completed by **April 8, 2016**. Any written interrogatories or request for production served after the date of the Scheduling and Discovery Order shall be served by a date that allows the served parties the full **30 days** as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cut-off date.

    8.    All **dispositive motions** shall be filed by **April 22, 2016**. Dispositive motions filed after this date will not be considered by the Court.

The Settlement Conference is **RESET** to **April 22, 2016 at 9:00 a.m.** before Magistrate Judge Wilkerson. The Final Pretrial Conference and Trial date remain as set, **August 3, 2016** and **August 15, 2016**, respectively, before District Judge Gilbert.

**IT IS SO ORDERED.**

**DATED: February 2, 2016**

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Donald G. Wilkerson*

　　　　　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**